793 N.E.2d 105 (2003)
341 Ill. App.3d 615
275 Ill.Dec. 625
In re TIONA W., a Minor (The People of the State of Illinois ex rel. Richard A. Devine, State's Attorney of Cook County, Illinois, Petitioner-Appellant,
v.
Tiara W. and Nathaniell P., Respondents-Appellees).
No. 1-02-1355.
Appellate Court of Illinois, First District, Third Division.
June 25, 2003.
*106 Richard A. Devine, State's Attorney, County of Cook, Chicago (Renee Goldfarb, Nancy Grauer Kisicki & Mary P. Needham, Assistant State's Attorneys, of counsel), for Appellant.
Public Defender of Cook County, Chicago (Claude O. Travis, Assistant Public Defender, of counsel), for Appellee.
Justice HOFFMAN delivered the opinion of the court:
The State brings the instant appeal from a circuit court order dismissing without prejudice its petition for adjudication of wardship of Tiona W., a minor. For the reasons which follow, we dismiss the appeal for lack of jurisdiction.
On September 25, 2001, the State filed a petition for adjudication of wardship of Tiona W., naming Tiara W. and Nathaniell P. as respondents. In its petition, the State alleged that Tiona W. was born on January 22, 2001, with "special medical needs" and that her mother, Tiara W., had failed to consistently visit her in the hospital or to complete necessary medical training. The State further alleged that, on or about September 21, 2001, Tiara W. refused to give her consent to hospital personnel for "a necessary medical procedure" for her daughter. The State also asserted that Tiona W.'s father, Nathaniell P., was incarcerated. Based upon these *107 facts, the State alleged that Tiona W. was both a neglected minor pursuant to section 2-3(1)(a) and (b) of the Juvenile Court Act (Act) (705 ILCS 405/2-3(1)(a), (b) (West 2000)) and an abused minor as defined by section 2-3(2)(ii) of the Act (705 ILCS 405/2-3(2)(ii) (West 2000)).
On September 25, 2001, the trial court conducted a temporary custody hearing pursuant to section 2-10 of the Act (705 ILCS 405/2-10 (West 2000)). Neither respondent was present for the hearing. Following the hearing, the trial court awarded temporary custody of Tiona W. to D. Jean Ortega Piron, Guardianship Administrator of the Department of Children and Family Services. The court also entered an order appointing the Cook County Public Guardian as attorney and guardian ad litem for Tiona W.
On October 1, 2001, Nathaniell P. was served with a copy of the petition for adjudication of wardship and a summons via registered mail while in jail in Minnesota. On January 8, 2002, Nathaniell P. appeared in court personally and through counsel. Tiara W. appeared and was personally served with the petition for adjudication of wardship. Also on that date, the trial court, at the request of Nathaniell P., ordered paternity testing. The case was continued to February 28, 2002. On that date, the trial court made a finding, based upon the results of the paternity test, that Nathaniell P. is Tiona W.'s father. The court also conducted a case management conference and continued the matter to April 2, 2002, for an adjudicatory hearing.
On April 2, 2002, Tiara W. appeared personally and through counsel and Nathaniell P. appeared through counsel. Nathaniell P.'s counsel explained to the trial court that his client was incarcerated in Minnesota and requested a continuance. The court allowed the parties an opportunity to attempt to arrange for Nathaniell P. to participate in the hearing via telephone. When these attempts failed, the trial court denied the request for a continuance and proceeded with the adjudicatory hearing. At the conclusion of the State's evidence, Tiara W.'s counsel moved for a directed finding, and Nathaniell P.'s counsel joined in that motion. The trial court took the motion under advisement and continued the case to May 8, 2002.
On May 3, 2002, Nathaniell P. filed a motion to dismiss the petition for adjudication of wardship pursuant to section 2-14 of the Act (705 ILCS 405/2-14 (West 1994)). At that time, section 2-14(b) of the Act provided that "an adjudicatory hearing shall be held within 90 days of the date of service of process upon the minor, parents, any guardian and any legal custodian * * *." 705 ILCS 405/2-14(b) (West 1994).[1] Section 2-14(c) of the Act further provided that "[i]f the adjudicatory hearing is not heard within the time limits required * * *, upon motion by any party the petition shall be dismissed without prejudice." 705 ILCS 405/2-14(c) (West 1994). On May 8, 2002, the trial court heard arguments on the motion to dismiss. Nathaniell P. argued that the petition must be dismissed because the adjudicatory hearing had not been completed within 90 days of January 8, 2002, the date on which Tiara W. had been served.
Relying on In re S.G., 175 Ill.2d 471, 222 Ill.Dec. 386, 677 N.E.2d 920 (1997), where our supreme court interpreted this version of section 2-14(b) as requiring that an adjudicatory hearing be completed and not *108 merely commenced within 90 days of service of process, the trial court granted the motion and dismissed the petition for adjudication of wardship of Tiona W. without prejudice. The transcript of the hearing on the motion to dismiss reflects that the State requested that the trial court stay its ruling in this regard "for approximately one hour" to allow the State "to do the mechanical paperwork * * * to refile the case to bring it back into the system." The trial court granted this request, and stayed the dismissal of the petition for adjudication for one hour. The case was subsequently recalled, at which time the trial court inquired as to whether the State needed a stay any longer. The State responded that it did not, and the trial court then dismissed the petition for adjudication of wardship without prejudice. The following day, the State filed a notice of appeal from the dismissal order.
On appeal, the State raises several arguments in urging us to reverse the trial court's order dismissing the petition for adjudication of wardship of Tiona W. First, the State asserts that we must apply an amended version of section 2-14 of the Act, which provides that an adjudicatory hearing need only be commenced, not completed, within 90 days of service of process being completed. The amendment upon which it relies is contained in Public Act 92-822, which became effective on August 21, 2002, after the trial court dismissed the petition in this case, but which states that it applies to all actions pending on or after January 1, 1998. Pub. Act 92-822, eff. August 21, 2002 (reenacting 705 ILCS 405/2-14). Alternatively, the State asserts that the trial court erred in dismissing the petition for adjudication because: (1) Nathaniell P. should not have been considered served, and the 90-day time period in which the hearing was to be held should not have started running, until his paternity was established; (2) even if Nathaniell P. was considered to have been served before paternity was established, the 90-day time period was tolled during the time in which the paternity testing was being conducted; (3) the parties waived the 90-day statutory time requirement; and (4) the trial court erred in granting the dismissal where Nathaniell P. intentionally delayed the proceedings for the purpose of obtaining a dismissal pursuant to section 2-14 of the Act. As we will explain, however, we need not reach the merits of the State's arguments.
Initially, we note that the State has not included in its brief a statement of jurisdiction, as required by Supreme Court Rule 341(e)(4)(ii) (188 Ill.2d R. 341(e)(4)(ii)). Respondent Tiara W. has not filed a brief with this court, and respondent Nathaniell P. has filed a brief but has not challenged this court's jurisdiction. Nonetheless, this court has an independent duty to consider whether it has jurisdiction over an appeal and to dismiss the appeal if it finds that jurisdiction is lacking. Archer Daniels Midland Co. v. Barth, 103 Ill.2d 536, 539, 83 Ill.Dec. 332, 470 N.E.2d 290 (1984). Subject to certain exceptions for appeals from interlocutory orders provided for by supreme court rules not applicable in this case[2], this court's jurisdiction is limited to review of final orders of a trial court. Flores v. Dugan, 91 Ill.2d 108, 112, 61 Ill.Dec. 783, 435 N.E.2d 480 (1982); see Official Reports Advance Sheet No. 21 (October 17, 2001), R. 660, amended effective October 1, 2001 (appeals from final judgments in proceedings under Juvenile Court Act are governed by rules applicable *109 to civil cases). A final judgment or order is "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." Towns v. Yellow Cab Co., 73 Ill.2d 113, 119, 22 Ill.Dec. 519, 382 N.E.2d 1217 (1978). That is not to say that a judgment or order must be addressed to the merits of the of the action in order to be considered final. Rather:
"`A final judgment means, not a final determination of the rights of the parties with reference to the subject matter of the litigation, but merely of their rights with reference to the particular suit. It is not at all necessary that the judgment should be upon the merits, if it definitely puts the case out of court. It is the termination of the particular action which marks the finality of the judgment.'" Physicians Insurance Exchange v. Jennings, 316 Ill.App.3d 443, 455, 249 Ill.Dec. 337, 736 N.E.2d 179 (2000), quoting Mutual Reserve Fund Life Ass'n v. Smith, 169 Ill. 264, 265, 48 N.E. 208 (1897).
Ordinarily, an order dismissing a complaint without prejudice is not deemed final for purposes of appeal. DeLuna v. St. Elizabeth's Hospital, 147 Ill.2d 57, 76, 167 Ill.Dec. 1009, 588 N.E.2d 1139 (1992); J. Eck & Son, Inc., v. Reuben H. Donnelley Corp., 188 Ill.App.3d 1090, 136 Ill.Dec. 646, 545 N.E.2d 170 (1989); International Insurance Co. v. Morton Thiokol, Inc., 185 Ill.App.3d 686, 691, 134 Ill.Dec. 6, 542 N.E.2d 6 (1989). As our supreme court stated in Flores v. Dugan, 91 Ill.2d 108, 114, 61 Ill.Dec. 783, 435 N.E.2d 480 (1982), the language "without prejudice" in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable." Nonetheless, a reviewing court must look to the substance, rather than the form, of the order in question in order to determine whether it is final for purposes of appeal. In re Marriage of Yndestad, 232 Ill.App.3d 1, 4, 173 Ill.Dec. 507, 597 N.E.2d 215 (1992).
In the instant case, the trial court dismissed the petition for adjudication of wardship of Tiona W. pursuant to a version of section 2-14 of the Act which provided that "[i]f the adjudicatory hearing is not heard within the time limits required * * *, upon motion by any party the petition shall be dismissed without prejudice." 705 ILCS 405/2-14(c) (West 1994). In interpreting the language of section 2-14 as requiring dismissal, without prejudice, of any petition with regard to which the adjudicatory hearing is not completed within 90 days, our supreme court rejected the notion that its interpretation would put children at risk. It reasoned as follows:
"Trial judges are aware of the statutory deadline and are charged with controlling their docket accordingly. The Juvenile Court Act further provides for the liberal supplementing of petitions. See 705 ILCS 405/2-13(5) (West 1994). Moreover, section 2-14 provides that the dismissal of a petition on timeliness grounds is without prejudice. 705 ILCS 405/2-14(c)(West 1994). Therefore, the State may immediately file a new petition where children may be put at risk." In re S.G., 175 Ill.2d at 492, 222 Ill.Dec. 386, 677 N.E.2d 920.
In accordance with the statute, the trial court dismissed the instant petition without prejudice.
In Flores, the court held that a dismissal for want of prosecution is not final and appealable, as the plaintiff has an absolute right to refile the action, within one year, against the same party or parties and allege the same cause or causes of action. Flores, 91 Ill.2d at 113-14, 61 Ill.Dec. 783, 435 N.E.2d 480. Similarly, as our supreme court observed in S.G., when a petition for adjudication of wardship is dismissed without prejudice on the basis that an adjudicatory hearing was not completed *110 within the requisite time period, the State has the right to immediately file a new petition. The State may file the new petition against the same parties and base it on the same charges as those stated in the original petition. In the instant case, in fact, the trial court granted a brief stay of its dismissal order to allow the State to file a new petition. As such, we must conclude that the trial court's order dismissing the State's petition for adjudication of wardship of Tiona W. without prejudice is not a final order for purposes of appeal.
For the foregoing reasons, we dismiss the instant appeal.
Appeal dismissed.
SOUTH, P.J., and WOLFSON, J., concur.
NOTES
[1] Effective January 1, 1998, section 2-14 was amended to provide that an adjudicatory hearing must be "commenced," rather than "held," within this 90 day period. In 2001, however, the Illinois Supreme Court declared the public act effecting this amendment unconstitutional. See People v. Sypien, 198 Ill.2d 334, 345, 261 Ill.Dec. 294, 763 N.E.2d 264 (2001).
[2] Supreme Court Rule 662 provides that an appeal may be taken from an adjudication of wardship if a dispositional order has not been entered within 90 days of the adjudication order. 134 Ill.2d R. 662. In the instant case, however, no order of adjudication was ever entered. Rather, the petition for adjudication of wardship was dismissed without prejudice.