2025 IL App (2d) 240755-U
No. 2-24-0755
Order filed April 10, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* Z.N., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | No.  20-JA-246 |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee, v. Frank N., Respondent- | ) | Marnie M. Slavin, |
| Appellant). | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

## ORDER

¶ 1    *Held*:  We lack jurisdiction to review the adjudication-of-wardship proceedings, and the remaining claim is forfeited, as there is no corresponding report of proceedings.

¶ 2    On February 21, 2021, the circuit court adjudicated Z.N. neglected. The same day, the court found, *inter alia*, respondent, Frank N., Z.N.'s father, unfit to parent Z.N. However, by April 30, 2024, the court released the minor into respondent's custody after finding that he was fit, willing, and able to care for Z.N. and that it was in her best interests to be returned to his custody. Additionally, the court ordered protective supervision pursuant to section 2-24 of the Juvenile Court Act of 1987 ("Juvenile Court Act") (705 ILCS 405/2-24 (West 2024)). On October 29, 2024, respondent moved: to terminate the order of protective services; for an order of protection against

2025 IL App (2d) 240755-U

caseworker, Erin Berry; and to terminate the parental rights of Z.N.'s mother, Marietta B. The circuit court granted the motion to terminate the order of protective services and dismissed, without prejudice, respondent's remaining motions. Respondent, *pro se*, appeals, arguing that (1) the Department of Children and Family Services (DCFS) had no factual basis or legal authority to take Z.N. as its ward because it was never verified that Z.N. had an untreated health problem or that a prescribed treatment plan was implemented; (2) Marietta B.'s stipulation that respondent violated Z.N.'s treatment plan was erroneous, as she was not a doctor; (3) he was denied a trial after Marietta B.'s stipulation; and (4) the court erred by dismissing his motion for an order of protection and motion to terminate Marietta B.'s parental rights, where her rights were terminated in Z.N.'s sibling's case. We dismiss respondent's appeal to the extent his arguments relate to the February 2021 order and otherwise affirm.

¶ 3                                  I. BACKGROUND

¶ 4      On September 3, 2020, the State petitioned for the adjudication of wardship of Z.N. (born May 6, 2018), the biological child of respondent and Marietta B. The petition alleged that Z.N. was neglected, as she has severe medical issues, including a feeding tube, and respondent refused to follow medical advice by continuing to feed her by mouth. 705 ILCS 405/2-3(1)(a) (West 2020). Additionally, the petition alleged, pursuant to section 2-3(1)(b), that Z.N.'s environment was injurious to her welfare because respondent refused to follow medical advice, respondent and/or Marietta B. failed to cooperate with DCFS services, and one or both had a history of using illegal drugs. *Id*. § 2-3(1)(b).

¶ 5      On September 4, 2020, the circuit court found probable cause that Z.N. was neglected. Specifically, regarding respondent, the court determined that he was not compliant with Z.N.'s

feeding plan and that he refused to cooperate with intact services. Z.N. was ultimately removed from her parents' care and placed into the temporary custody of DCFS.

¶ 6       An adjudicatory hearing was held on February 21, 2021. The State presented a recommended resolution, wherein Marietta B. admitted that Z.N. had severe medical issues, leaving her unable to ingest food by mouth, yet respondent refused to follow medical advice and continued to feed her by mouth. Further, the State asserted that respondent would admit that Z.N.'s mother had a history of using and abusing illegal substances. However, respondent did not enter an admission or give up his right to a trial. Ultimately, the court relied on Marietta B.'s admission to proceed with adjudication. Based on that stipulation, the court adjudged the minor neglected.

¶ 7       In the dispositional order filed the same day, the circuit court found Z.N.'s parents were unfit, unable, or unwilling to care for, protect, or train her, such that her health, safety, and best interests would be jeopardized if she remained in their custody. Accordingly, the minor was made a ward of the court, and custody and guardianship was granted to DCFS. At the conclusion of the hearing, both parents were admonished of their appeal rights. Neither appealed.

¶ 8       On March 25, 2021, respondent moved to withdraw all admissions made at the adjudication hearing and relied on in the dispositional order. Respondent also moved to vacate the court's judgment. He asserted that the court erroneously relied on Marietta B.'s admission; the allegations of neglect were untruthful, vague, and unsubstantiated; and he was improperly denied his right to appeal through the DCFS administration process. The court denied respondent's motion, finding that Marietta B.'s admission was sufficient to support the finding of neglect.

¶ 9       A permanency hearing was held on September 2, 2021. Regarding respondent, the court determined that he had not made substantial progress toward reunification with Z.N., as he was not cooperative with services. Over the course of the next year and a half, respondent completed

several programs and made "satisfactory efforts" towards completing services, however, he still had not made substantial progress toward the goal of reuniting with Z.N. At several junctures, respondent requested increased parenting time, and, eventually, supervised visits increased and were transitioned to respondent's home.

¶ 10   On April 20, 2023, the court found that respondent made substantial progress towards reunification with Z.N., as he was cooperating with services and DCFS. Accordingly, the court granted DCFS discretion to allow unsupervised visits between respondent and Z.N. For the next nine months, the court continued to grant DCFS more discretion to allow longer visits and unsupervised overnight visits. In November 2023, the court set a new goal of returning Z.N. home within five months.

¶ 11   On April 29, 2024, respondent moved for the return of Z.N. The next day, the circuit court determined that an urgent and immediate necessity to remove Z.N. from respondent's care was no longer necessary. Accordingly, DCFS was discharged as guardian of Z.N. and she was returned to respondent's care. However, the court entered an order of protective supervision pursuant to section 2-24 of the Juvenile Court Act (705 ILCS 405/2-24 (West 2022)). Respondent was required to cooperate with DCFS and complete all recommended services until April 30, 2025. He did not comply with the order for protective supervision; specifically, he was not responsive to DCFS's attempts to complete a home visit, and he failed to promptly provide notice and records to DCFS regarding Z.N.'s medical appointments.

¶ 12   On October 24, 2024, respondent moved to terminate the order of supervision, implement an order of protection, and terminate the parental rights of Marietta B. Regarding the order of supervision, respondent argued that the court erred in initially granting guardianship to DCFS because the ruling was based on false evidence, DCFS withheld exculpatory evidence, and his due

process rights were violated. Respondent, thereafter, sought an order of protection against Erin Berry, Z.N.'s caseworker, because she allegedly "[b]latant[ly] [d]isregard[ed]" signs of abuse like: "bruises, medical neglect, and being set on fire." Respondent also asserted that Berry threatened to remove Z.N. from his care without due process, she conducted excessive home visits, and publicly humiliated Z.N., all of which caused the minor anxiety and fear. Finally, respondent moved to terminate Marietta B.'s parental rights because she exposed Z.N. to illegal substances, prostitution, fighting, and, as a parent adjudged "unfit," she had failed to make reasonable progress towards reunification.

¶ 13    Five days later, on October 29, 2024, by agreement of the parties, the circuit court granted respondent's motion to terminate the order of protective supervision. However, the court dismissed, without prejudice, his motion to terminate Marietta B.'s parental rights and the order of protection because the court was terminating the underlying case, respondent was given custody and guardianship, and DCFS was discharged.

¶ 14    On November 18, 2024, respondent appealed from the judgment entered on October 29, 2024. Specifically, he was challenging the denial of the order of protection, violation of his civil rights, dismissal of the motion to terminate Marietta B.'s parental rights, and "[b]y agreement of all parties '[u]nfitness.' "

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, respondent asserts that (1) DCFS had no factual basis or legal authority to take Z.N. as its ward because it never verified that Z.N. had an untreated health problem or that a prescribed treatment plan was implemented; (2) Marietta B.'s stipulation that respondent violated Z.N.'s treatment plan was erroneous, as she was not a doctor; (3) he was denied a trial after Marietta B.'s stipulation; and (4) the court erred by dismissing his motion for an order of protection

and motion to terminate Marietta B.'s parental rights, where her rights were terminated in Z.N.'s sibling's case.

¶ 17   The State requests in its brief that respondent's caption to his opening brief be stricken, as it utilizes the minor's first name and the full names of her biological parents. For anonymity's sake, the brief has been impounded, and, in this disposition, the minor's first name has been redacted, and the biological parents' names have been abbreviated.

¶ 18                                A. Jurisdiction

¶ 19   We begin now by addressing our jurisdiction to hear this appeal. *In re Tiona W.*, 341 Ill. App. 3d 615, 619 (2003) ("[T]his court has an independent duty to consider whether it has jurisdiction over an appeal and to dismiss the appeal if it finds that jurisdiction is lacking.").

¶ 20   Respondent's first three claims of error relate to the adjudication-of-wardship proceedings and findings of neglect, which were entered on February 21, 2021. The State responds that this court lacks jurisdiction to consider these arguments, as respondent failed to perfect his appeal within 30 days after the February 21 dispositional order was entered. We agree with the State.

¶ 21   Illinois Supreme Court Rule 660(b) provides that, except in delinquency proceedings, "[i]n all other proceedings under the Juvenile Court Act, appeals from final judgments shall be governed by the rules applicable to civil cases." Ill. S. Ct. R. 660(b) (eff. Oct. 1, 2001). Accordingly, to perfect an appeal in an adjudication-of-wardship case, like a civil case, a notice of appeal must be filed within 30 days after the entry of a final order unless an extension is granted pursuant to Illinois Supreme Court Rule 303(d). Ill. S. Ct. R. 303(a), (d) (eff. July 1, 2017). Compliance with the rules governing the deadline for filing a notice of appeal is mandatory and jurisdictional. *In re C.S., Jr.*, 294 Ill. App. 3d 780, 787 (1998).

¶ 22 Generally, in adjudication-of-wardship cases, an adjudicatory order is not a final and appealable order. But see Ill. S. Ct. R. 662(a) (eff. Oct. 1, 1975) (noting that an appeal may only be taken from an adjudication of wardship if an order of disposition has not been entered within 90 days). Rather, the dispositional order is generally the final and appealable order. *C.S.*, 294 Ill. App. 3d at 787. Meaning, ordinarily, an appeal from an adjudication of wardship must be perfected within 30 days of the entry of the dispositional order.

¶ 23 Here, respondent never filed a notice of appeal from the circuit court's dispositional order entered on February 21, 2021. Instead, the notice of appeal that respondent filed on November 18, 2024, does not mention the dispositional order or any of the neglect proceedings. Rather, the notice of appeal references only the hearing on October 29, 2024, and seeks to appeal the following judgments: "Order of Protection. Violation of Civil Rights. Father's Motion to Terminate Parental Rights for [Marietta B.] granted. By agreement of all parties 'Unfitness.' " Accordingly, appellate jurisdiction was never perfected with respect to the adjudication-of-wardship proceedings. As such, we dismiss that portion of the appeal challenging those findings.

¶ 24                                    B. Forfeiture

¶ 25 Next, we consider respondent's arguments that the circuit court overstepped by denying his motions for an order of protection and to terminate Marietta B.'s parental rights, where her rights were terminated in Z.N.'s sibling's case. The State argues that respondent's claims are forfeited as he failed to present a sufficiently complete record on appeal. We agree with the State.

¶ 26 Here, respondent failed to provide this court with transcripts, a bystander's report, or an agreed statement of facts from the hearing on October 29, 2024, where the circuit court dismissed his *pro se* motion for an order of protection and his motion to terminate Marietta B's parental rights. Accordingly, we do not have the ability to adequately address this issue. The respondent

has the burden of presenting a sufficiently complete record of the proceedings that would support his or her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of those records on appeal, we presume the order entered by the circuit court "was in conformity with the law and had a sufficient factual basis." *Id.* Any doubts arising from the incomplete record are resolved against the appellant. *Id.* As there are no transcripts and virtually no other supporting documents from the October 29 hearing, there is no basis for finding that the court erred by dismissing respondent's motions.

¶ 27                                        III. CONCLUSION

¶ 28     For the reasons stated, we dismiss respondent's appeal of the circuit court's February 2021 order and otherwise affirm the judgment of the circuit court of Lake County.

¶ 29     Appeal dismissed in part and affirmed in part.