19 Ill. App.2d 502 (1958)
154 N.E.2d 298
Liberty Mutual Insurance Co., as Subrogee of William D. Kellogg, Plaintiff-Appellant,
v.
Congress Michigan Auto Park, Inc., Defendant-Appellee.
Gen. No. 47,452.
Illinois Appellate Court  First District, Third Division.
December 3, 1958.
Released for publication December 29, 1958.
B.S. Quigley, Vogel & Vogel, of Chicago (L.H. Vogel, Robert C. Vogel, Robert B. Johnstone, of counsel) for plaintiff-appellant.
Donald J. Rizzio, Goldberg & Levin, of Chicago (Mayer Goldberg, Burton Berger, of counsel) for appellee.
*503 JUSTICE BURKE delivered the opinion of the court.
On November 22, 1954, William D. Kellogg filed a statement of claim asking $2,500 from Congress Michigan Auto Park, Inc., for failure to redeliver a stored Buick automobile. On May 24, 1956, the Liberty Mutual Insurance Company, Inc., hereinafter called plaintiff, as subrogee of the original plaintiff, filed an amended statement of claim alleging that under an insurance policy it had paid the original plaintiff $2,120, and thereby became subrogated to the rights of Kellogg. It asked judgment for $2,120. The answer filed December 28, 1956, denied that Kellogg delivered the automobile; averred that it was redelivered to an agent of Kellogg; that the automobile was lost or concealed while in the possession of the agent and through no fault or negligence of defendant; and further averred that the automobile was later recovered and that plaintiff wrongfully paid its insured the alleged value thereof.
On February 20, 1957, plaintiff asked leave to take the deposition on February 25, 1957, of John G. Parker, whose business address was given as Container Corporation of America, 99 Park Avenue, New York, N.Y., before a notary public. The trial of the case was then set for March 6, 1957. The court denied leave to take the deposition. On November 8, 1957, at which time the case was set for trial for December 27, 1957, plaintiff served notice for the deposition of Parker to be taken in New York City on November 25, 1957, and of a proposed issuance of a dedimus potestatem for the deposition. On November 13, 1957, defendant moved to quash the notice served upon it and the Clerk of the court for the issuance of a dedimus potestatem. The grounds set forth in the motion to quash were that no affidavit was attached to the notice; that no showing under oath was made that the testimony of Parker *504 was material; that no showing under oath was made that Parker was unable to attend the trial; and that no attempt had been made to obtain the deposition of Parker until February 20, 1957. The motion to quash also alleged that on prior occasions Parker had been available in Chicago, and that it would work an undue hardship on defendant and would be unreasonable and cause unnecessary expense to have defendant represented by an attorney in the taking of the deposition. The motion to quash was not verified but contained a certificate of counsel that it was well founded in point of law and not interposed for the purpose of delay. The court ordered that the "issuance" of a dedimus potestatem be "quashed." On December 27, 1957, when the case came on for trial the attorney for plaintiff stated that without the deposition which the court did not permit plaintiff to secure, it was unable to prove its case as the testimony of the witness, Parker, was essential to the proof of the cause. Counsel for the defendant announced that it was ready for trial. After a colloquy between the court and counsel as to the kind of an order that should be entered, the court said: "Let the order be as follows: `Trial commenced, the plaintiff rests without presenting any evidence or testimony on the issues. Finding for the defendant. Judgment on the finding.'" The record, however, shows that the final order entered was that the court finds the defendant not guilty, that judgment be entered on the finding, that plaintiff take nothing by its suit, and that defendant recover its costs from the plaintiff. Plaintiff, appealing, prays that the judgment be reversed, that the order of November 13, 1957, quashing the dedimus potestatem be held for naught and that the cause be remanded for a trial.
When the case was called for trial on December 27, 1957, the attorney for plaintiff indicated that he could *505 not proceed without the witness Parker, and suggested that the court enter a judgment against plaintiff so that it could appeal and urge in the Appellate Court that the court erred in preventing it from taking the deposition. The attorney for defendant suggested that the plaintiff could take a nonsuit and also moved that the cause be dismissed for want of prosecution. The plaintiff declined to take a nonsuit and resisted the motion to dismiss the cause for want of prosecution. The plaintiff did not ask for a continuance. On the defendant announcing that it was ready for trial the plaintiff stated that it rested. The court announced that it would sustain defendant's motion to dismiss for want of prosecution. The case was then continued until January 3, 1958. From the colloquy it appears that the parties were in doubt as to whether an appeal could be prosecuted by the plaintiff from an order dismissing the cause for want of prosecution. The court finally decided to enter an order showing that a trial was commenced, that plaintiff rested without presenting any evidence, a finding for the defendant and judgment on the finding.
[1] An order dismissing a cause for want of prosecution is an involuntary nonsuit and is final in its nature and appealable. See Craven v. Craven, 407 Ill. 252, 255; Zisook v. Industrial Commission, 347 Ill. App. 178. In People v. Bristow, 391 Ill. 101, the court said (110): "All dismissals of actions at law are without prejudice. When so used, the words merely indicate that the suit is dismissed without a decision on the merits." In the instant case no testimony resolving the issues was submitted. The form of the order finally announced by the trial judge was entered in the belief that in order to have an appealable order it would be necessary to show a trial and judgment and that an appeal could not be prosecuted from an order dismissing the cause for want of prosecution.
*506 We turn to a consideration of the contention of plaintiff that the court erred in quashing the dedimus potestatem. Defendant's motion to quash was heard on November 13, 1957. At that time the case was set for trial for December 27, 1957. The deposition of Parker was to be taken in New York on November 25, 1957. The prime reason assigned by the trial judge for sustaining defendant's motion was that the plaintiff had ample opportunity to take the deposition of the witness in Chicago and New York and failed to do so. It will be observed that approximately one month would elapse between the time of taking the deposition and the trial. Counsel for plaintiff assured the court that he would not ask that the case be delayed beyond December 27, 1957. The court felt that it would be "unfair to have to go to New York and possibly have to obtain counsel in this kind of a situation."
The Rules of the Municipal Court of Chicago pertaining to depositions are identical with the Rules of the Supreme Court. Supreme Court Rule 19-1 provides that the deposition of any person may be taken without leave of court at any time after the commencement of the action, and that the trial of a case shall not be delayed for the taking of depositions unless due diligence is shown. In the instant case it does not appear that the trial of the case would be delayed because of the taking of the deposition. Rule 19-2 specifies the persons before whom depositions may be taken. A dedimus potestatem or commission is not required, but if desired shall be issued by the clerk upon application without notice and may designate the officer either by name or descriptive title. In view of the liberal provisions for the taking of depositions we cannot understand why the plaintiff sought permission of the court to take the deposition of Parker on February 25, 1957. On the oral argument we inquired as to why in November, 1957, the plaintiff *507 served notice that it would ask the clerk to issue a dedimus potestatem and were informed that it would be required under the law of New York should the witness refuse to appear. The comment by the joint committee states that the rule eliminates the necessity for a dedimus potestatem or commission but permits its issuance so that it may be obtained when necessary under the law of the place where the deposition is to be taken. The New York Civil Practice Act, Sec. 311, C.P.R. 137, provides that a recalcitrant witness may be punished in the same manner as in an action pending in a New York court, and that the verified petition shall have annexed thereto a copy of the "commission, order, notice, consent or other authority under which deposition is taken." The New York courts would recognize the validity of the procedure under the Illinois rules. Therefore, it would be unnecessary to secure a dedimus potestatem or commission from the clerk of the court as an essential step in a proceeding in a New York court against a recalcitrant witness.
[2, 3] In the taking of a deposition under the Illinois practice there is no requirement that an affidavit be attached to the notice to take a deposition, nor is there a requirement that there be a showing under oath that the testimony of the witness (Parker) is material and necessary in the trial, as assumed in the motion to quash. We assume that the trial court acted under the provision of Rule 19-5 that after notice is served for taking a deposition, on motion seasonably made by any party or by the deponent, for good cause shown the court may order that the deposition not be taken. The record does not show at whose request or why the numerous continuances were granted. The effect of the order entered by the court on November 13, 1957, was that the deposition of Parker "not be taken." It does not appear that the taking of the deposition of Parker would delay the *508 trial which was then set for December 27, 1957. The attorney for the plaintiff asserted that he would be ready for trial on that date and would not ask for a continuance. If the court felt that the taking of the deposition would cause undue hardship to the defendant because of the expense or for any other good cause, the court had authority to direct that the deposition proposed to be taken orally be taken in whole or in part on written questions. See Supreme Court Rule 19-5. It will be observed that Rule 19-6(2) provides that in lieu of participating in the oral examination, the parties served with notice of taking a deposition may transmit written questions to the officer, who shall propound them to the witness and record the answers verbatim. Under Rule 19-6(1) on motion of any party upon whom the notice is served, the court may for cause shown extend or shorten the time. The defendant could request that the deposition be taken sooner than November 25, 1957. Rule 19-6(3) gives the court broad power where an examination is being conducted in bad faith or otherwise, and provides that the court may impose upon either party or upon deponent the requirement to pay costs or expenses, including reasonable attorney's fees, or both as the court may deem reasonable. Rule 19-10 deals with the use of depositions and provides, among other things, that all or any part of an evidence deposition may be used by any party for any purpose if the court finds that at the time of the trial the deponent is out of the county, unless it appears that the absence of the deponent was procured by the party offering the deposition. The record does not show that the witness Parker would be available in this jurisdiction at the time the case was set for trial, nor does the record show that the absence of Parker at the time of the motion to quash or at any other pertinent time, was procured by the plaintiff. It is manifest that the rules *509 contemplate that the taking of depositions shall be facilitated and not circumscribed by conditions as contemplated by defendant's motion. There was no basis for the order quashing the notice to take the deposition of Parker, which was equivalent to an order under Rule 19-5 (2) that the deposition "not be taken." The judgment is reversed and the cause is remanded with directions to deny defendant's motion to strike the notice to take the deposition of Parker and for other proceedings not inconsistent with these views.
Judgment reversed and cause remanded with directions.
FRIEND, P.J. and BRYANT, J., concur.