(No. 54685.—

ROBERTO FLORES *et al.*, Appellants, v. THERESA DUGAN, Appellee.

*Opinion filed April 16, 1982.—Rehearing
denied May 27, 1982.*

SIMON, GOLDENHERSH and CLARK, JJ., dissenting.

Herbert F. Stride, Ltd., and William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for appellants.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Frederick W. Temple and John Skapars, of counsel), for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Plaintiffs, Roberto and Maria Flores, appeal from the dismissal for want of prosecution of their complaint against the defendant, Theresa Dugan. The circuit court of Lake County denied the plaintiffs' motion for a continuance of the trial date and dismissed the cause for want of prosecution. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23) holding that a dismissal for want of prosecution was not a final and appealable order, dismissed the appeal. (90 Ill. App. 3d 1201.) The issue presented is whether a dismissal for want of prosecution, in light of the absolute right to refile the suit under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), is a final and appealable order under our Rule 301 (73 Ill. 2d R. 301). We granted plaintiffs leave to appeal (73 Ill. 2d R. 315).

In 1976 plaintiffs filed a personal injury action in the circuit court of Lake County for damages resulting from an automobile accident with the defendant. The case was tried before a jury, and a verdict was returned for the plaintiffs. Thereafter the trial judge granted defendant's motion for a new trial. The appellate court denied the plaintiffs' petition for leave to appeal from the order granting the new trial. (See 73 Ill. 2d R. 306.) The case was remanded to the trial court, and a new trial date was set for June 25, 1979. The judge was unable to hear the case on that date. Trial was specially reset for August 27, 1979, to accommodate the plaintiffs. The week of August 27 was a week customarily reserved for nonjury matters in Lake County. Plaintiffs' counsel apparently was told by a clerk in the Lake County court administrator's office one week prior to August 27 that the case would not be heard on the scheduled date. However, the trial judge informed plaintiffs' counsel on August 24 that the case would be heard on August 27. The trial judge also in-

formed plaintiffs' counsel that a clerk in the adminis-trator's office had no authority to tell an attorney that a particular case would not be heard. Plaintiffs' attorney voiced his objection to the August 27 trial date. He stated that the plaintiffs' physician would not be available to testify on that date. Plaintiffs' physician was not sub-poenaed as required under local rule, and the trial judge told plaintiffs' attorney that in Lake County, if the doctor had not been subpoenaed, the fact that the doctor is un-available is not a ground for a continuance.

On August 27, another attorney from plaintiffs' counsel's office appeared in court on behalf of plaintiffs. He presented a motion for a continuance because of the absence of plaintiffs' physician and of the other attorney, who, he claimed, was involved in another matter in Cook County circuit court. The trial judge denied the motion and offered plaintiffs' counsel the options of (1) proceed-ing to trial, (2) taking a voluntary dismissal, or (3) allowing a dismissal for want of prosecution. Counsel chose a dis-missal for want of prosecution, and the trial court entered an order which stated that the cause was dismissed "for want of prosecution without prejudice to refile this suit within the time permitted by statute." The judge later denied the plaintiffs' petition to vacate the earlier order.

Plaintiffs argue that a dismissal for want of prosecution is a final and appealable order. The basis of plaintiffs' argument is that the effect of the dismissal is to dispose of the cause and remove it from the court's calendar, even though it is not a decision on the merits. Plaintiffs also argue that it was an abuse of discretion for the trial judge to deny the continuance and dismiss the case. Defendants counter that a dismissal for want of prosecution is not a final and appealable order since the plaintiff has an absolute right to refile the cause.

We need not address whether the trial court abused its discretion because we hold that, in light of a plaintiff's

absolute right to refile this cause under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), an order dismissing a cause for want of prosecution is not a final and appealable order under Supreme Court Rule 301 (73 Ill. 2d R. 301).

The 1970 Constitution provides that "[a]ppeals from *final judgments* of a Circuit Court are a matter of right to the Appellate Court ***." (Emphasis added.) (Ill. Const. 1970, art. VI, sec. 6.) Also, the Constitution vests in this court the authority to make rules governing appeals. (Ill. Const. 1970, art. VI, secs. 6, 16.) Accordingly, Supreme Court Rule 301 provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." (73 Ill. 2d R. 301.) The appellate court, subject to exceptions for appeals from interlocutory orders specified in our rules, is without jurisdiction to review judgments, orders or decrees which are not final. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45.) The specified exceptions in our rules which allow appeals from interlocutory orders are not applicable in this case.

A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119; 49 C.J.S. *Judgments* sec. 5 (1947).) We have also stated on many occasions that a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48.) The order or judgment in this case, dismissing the cause for want of prosecution, is not a final order since the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action. *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d

616; *Franzese v. Trinko* (1977), 66 Ill. 2d 136; Ill. Rev. Stat. 1979, ch. 83, par. 24a.

In determining the effect of a dismissal for want of prosecution as it relates to the finality of the judgment entered, it is appropriate to consider our Rule 273 (73 Ill. 2d R. 273), which provides:

> "Unless the order of dismissal *or a statute of this State otherwise specifies,* an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphasis added.)

In *Kutnick v. Grant* (1976), 65 Ill. 2d 177, this court considered the effect of Rule 273 in relation to a dismissal for want of prosecution and noted that section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) is a statute which comes within the "otherwise specifies" provision of Rule 273. The court reasoned that the provisions of section 24 of the Limitations Act giving a plaintiff an absolute right to refile within one year following a dismissal for want of prosecution would be meaningless if Rule 273 were construed as making such a dismissal an adjudication on the merits. Thus, in *Kutnick* Rule 273 was held not to apply to dismissals for want of prosecution. In *Kutnick* the court noted that section 24 of the Limitations Act was amended to include dismissals for want of prosecution five months after Rule 273 became effective.

In *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, this court, in discussing when an order is final so as to be appealable, stated:

> "A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment."

If an order possesses such a degree of finality, it would clearly be *res judicata* and would prevent relitigating the

issues involved. Although *Kutnick* did not deal with the question now before us, the holding in that case and the holding in *Silverstein* compel the conclusion that the order entered in this case dismissing plaintiffs' cause for want of prosecution was not a final and appealable order. Under section 24 of the Limitations Act, the plaintiffs could, within one year, refile the same complaint and relitigate the same issues to judgment. Therefore, since the plaintiffs had an absolute right to refile the action within the statutory limits, the order of dismissal could not terminate the litigation.

It should also be noted that the order in this case dismissing the cause for want of prosecution itself provided that it was not a final and appealable order by stating that the dismissal was entered "without prejudice to refile this suit within the time permitted by statute." Although this language may have been superfluous in light of our holding discussed above, it clearly manifests the intent of the court that the order not be considered final and appealable. Similar language was included in an order considered in *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 731, where the court stated:

"The order in the case at bar is *on its face a nonappealable order because of the recitation 'without prejudice.'* [Citation.] Since plaintiff could have refiled the action within one year after the dismissal pursuant to section 24 of the Limitations Act [citations], the order did not terminate the litigation." (Emphasis added.)

Plaintiffs have cited cases which, they contend, hold that an order dismissing a case for want of prosecution is final and appealable. We do not consider the cases cited to be helpful. The language in some of the cases is *dicta.* In some the question of the appealability of such an order was not raised, and in others the decisions were rendered prior to the effective date of the amendment to section 24

of the Limitations Act in 1967, which specifically provided that a case dismissed for want of prosecution fell within the provisions of that statute.

The result we reach may seem to be harsh in view of the argument made to this court that the plaintiffs have not in fact refiled their suit and affirmance would bar them from an adjudication on the merits. Also, plaintiffs contend that, if no appeal lies, there will be no way to determine whether the trial judge abused his discretion in dismissing the case for want of prosecution. The remedy of refiling created by section 24 of the Limitations Act is in fact a more expeditious and less expensive remedy than an appeal. Following the dismissal, plaintiffs could have refiled immediately, and a disposition on the merits could have been made much sooner than if the trial judge's ruling had been appealed to the appellate court, reversed and remanded, and then set for trial on the merits. Also, the costs involved in refiling would have been substantially less than those involved in the appellate process.

Regardless of the apparent harshness of the result, the established law, as indicated above, requires that we hold the order dismissing the plaintiffs' action for want of prosecution was not a final and appealable order, and the appellate court properly dismissed the appeal.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

I disagree with the result reached by the majority and much of its reasoning. I would hold a dismissal for want of prosecution to be an appealable final judgment even though section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a) allows plaintiff to refile the action.

The majority rests its conclusion that a dismissal for want of prosecution is nonfinal and hence nonappealable on two lines of argument. One is that because section 24 allows plaintiff to refile, such a dismissal does not termi-

nate the action and thus is not "final" for purposes of appeal. The other is that since a dismissal of this sort does not address the merits it therefore cannot be considered "final" at all, since it would not act as *res judicata* in the case of a subsequent filing.

I address the latter argument first. The idea that a judgment must be on the merits in order to be "final" and hence appealable is not our law. If it were, no judgment which failed to decide the substantive merits of a case would be subject to appeal, even though it might put the plaintiff out of court just as effectively as if it did. Yet we know that dismissals for lack of jurisdiction (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 577) and on *forum non conveniens* grounds (*e.g., Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484) are appealable under the common law of Illinois despite the fact that they in no way resolve the substantive rights of the parties or act as *res judicata* in subsequent actions involving them. I believe the majority's reliance on *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, for the proposition that a judgment must be on the merits in order to be appealable adds to that opinion what is not in it. The holding in *Silverstein* that an order directing the plaintiff to respond to a subpoena was nonappealable had nothing to do with any finding that the order did not decide the merits of the main case but resulted from the fact that the discovery order was collateral to the case. The language the majority quotes from *Silverstein* has a long pedigree in this State (see, *e.g., Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, and cases cited therein), but in none of the cases which used it was the failure of the order appealed from to dispose of the substantive merits of the main case the sole reason for holding the order unappealable; in fact, one case using this language (*Roddy v. Armitage-Hamlin Corp.* (1948), 401 Ill. 605, 609-10) immediately qualifies it as expressing only

one of many possible tests for finality, with several of the mentioned alternatives allowing an appeal "even though matters of substantial controversy remain to be disposed of" (401 Ill. 605, 610). And in *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 575-76, in which the language quoted in *Silverstein* was also used, this court went on to say that "a judgment for the defendant may be a final judgment, although it is not a judgment on the merits and does not preclude the plaintiff from maintaining a second action against the defendants on the same cause of action." Finally, *Kutnick v. Grant* (1976), 65 Ill. 2d 177, cited by the majority here as relevant insofar as it holds that dismissals for want of prosecution are not adjudications on the merits, is not relevant at all if the finality of an order for purposes of appeal does not depend on whether the order adjudicates the merits.

The other basis for the majority opinion is that dismissals for want of prosecution are nonfinal because section 24 gives plaintiff the right to refile the case. The argument is that the consequent failure of the dismissal to terminate the controversy renders it nonfinal even if we accept the idea that its failure to resolve the merits is not the litmus test of finality. The majority cites but one appellate court case, *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, as standing for this proposition. However, this still does not explain away the fact that, as I have already pointed out in referring to dismissals on jurisdictional or *forum non conveniens* grounds, our case law treats dismissals on various grounds as appealable despite their leaving plaintiffs free to refile the identical lawsuit in a different court.

Instead of reaching for formulaic tests for finality, which are hard to discern in procedural law, I would reason by analogy in cases such as this where the answer is not clear. Cases interpreting our constitutional provision that final judgments are appealable as of right (Ill. Const.

1970, art. VI, sec. 6) have held "final" various types of orders whose effects on the plaintiff are similar to those produced by a dismissal for want of prosecution with right to refile. Quashing of service of process, for example, does not end the litigation, but merely forces the plaintiff to refile the lawsuit and attempt a proper service on the defendant. Yet courts in Illinois have consistently held orders quashing service of process to be final and appealable despite the plaintiff's ability to refile. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 577 (accord, *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61; *Havlen v. Waggoner* (1981), 92 Ill. App. 3d 916; *Connaughton v. Burke* (1977), 46 Ill. App. 3d 602; *Lombardi v. Lombardi* (1961), 31 Ill. App. 2d 184.) This is in large part because such an order constitutes "a final determination that appellee was not amenable to the process of the court" (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 577) and a ruling that the plaintiff must do something more as a precondition to having the merits of his case heard by any court. The purport of a dismissal for want of prosecution is hardly different. *Forum non conveniens* dismissals have a similar legal purport and the same practical effect on the plaintiff, who is forced to refile his case in a different court; as already pointed out, these dismissals too are interpreted as final, reviewable orders by Illinois courts. (*Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 489; *cf. Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807 (jurisdiction to hear appeal of dismissal assumed by appellate court).) Denials of temporary restraining orders have been ruled final judgments even though suits for more permanent relief on the same facts were pending or sure to follow. (See *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 677-80 (appellate court on its own initiative found such a

denial to be appealable as a *final judgment* rather than merely an appealable interlocutory order under Supreme Court Rule 307(a)(1) (50 Ill. 2d R. 307(a)(1)).) Finally, orders granting or denying relief from a judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) or in *coram nobis* proceedings have always been treated as final and appealable as of right, even though orders granting such relief have the effect of *unsettling* things rather than settling them. (See *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 530-31, and cases cited therein, and *Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 294.) The committee comments to Supreme Court Rule 304(b)(3) (73 Ill. 2d R. 304(b)(3)) adopted in 1969 state that the right of appeal from the grant or denial of a section 72 petition was "intended to be declaratory of existing law" (73 Ill. 2d R. 304, at 463). (See *People ex rel. Courtney v. Green* (1934), 355 Ill. 468, 473.) I fail to see any reason for according different treatment to dismissals for want of prosecution.

Additionally, it is not clear to me why the line of Illinois cases holding dismissals for want of prosecution to be final and appealable orders is rendered irrelevant as precedent by the subsequent enactment of section 24 of the Limitations Act. (See, *e.g., Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421, citing authorities; *Athletic Association v. Crawford* (1963), 43 Ill. App. 2d 52; *Liberty Mutual Insurance Co. v. Congress Michigan Auto Park, Inc.* (1958), 19 Ill. App. 2d 502; *Craven v. Craven* (1950), 407 Ill. 252.) The majority, in treating these cases as superseded by the remedy of refiling set forth in 1967 in the Limitations Act, assumes that the 1967 amendment to the Act *created* the remedy. I view section 24 not as creating a new remedy but rather as improving upon one that already existed. A plaintiff could always refile his lawsuit as long as the dismissal was without prejudice, and trial courts were always free to issue

such dismissals without prejudice. (*E.g., Athletic Association v. Crawford* (1963), 43 Ill. App. 2d 52; *Liberty Mutual Insurance Co. v. Congress Michigan Auto Park, Inc.* (1958), 19 Ill. App. 2d 502.) In addition, plaintiff was often given the right to ask for reinstatement of the cause of action in the same court. (*E.g., Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421 (court order dismissing cause for want of prosecution specifically granted leave to reinstate on petition).) Unless the refiling or the reinstatement was disallowed, the plaintiff's day in court was no more concluded than it is now with his "absolute" right to refile. At most, the effect of section 24 was to require that all rather than merely some dismissals for want of prosecution be without prejudice (*Franzese v. Trinko* (1977), 66 Ill. 2d 136), and to toll, for a one-year period, the running of those statutes of limitation whose normal operation would bar a refiling upon dismissal. Thus I cannot agree that the 1967 amendment of section 24 supersedes cases such as *Liberty Mutual* and *Pettigrove* which hold clearly that dismissals for want of prosecution are appealable final orders, whether or not they were with prejudice.

My disagreement with the majority, I believe, is grounded in common sense as well as common law. A plaintiff dismissed from court for want of prosecution is sent home without day, and his docket number is closed. The court has nothing more to do with him until he brings another action, and that will be another case, not a continuation of the dismissed one. The first case is finished. (See *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569; *Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421.) The plaintiff's new action may be in another county, or even another State; it may involve different parties and different theories or claims. It may never be brought at all. Nor can the defendant maintain that the plaintiff does not lose anything if he

brings the identical action, and so has nothing yet to appeal. At the very least, a dismissal for want of prosecution may result in an enforceable money judgment against the plaintiff for court costs. I do not see why this judgment, however small, cannot be a "final judgment," or why an appeal of the judgment for costs cannot include an attack on the dismissal on which the judgment was based.

As to the main dispute, the mere fact that a new suit is not barred by *res judicata* or the statute of limitations does not mean that the plaintiff will be able to bring one or to make it as potentially successful as the first suit. There is no guarantee that the plaintiff will ever again be able to assert personal jurisdiction over the defendant so as to bring him into the courts of this State. If the defendant should move out of State after the case is dismissed, or if he should die and his estate and executor are not present in Illinois, it may be impossible to assert any kind of jurisdiction here. The plaintiff may also be required to retake depositions or reissue subpoenas to witnesses, and witnesses may disappear or lose their memory. Or in the interim, while no suit is pending, the defendant may dispose of his property or otherwise place it beyond the plaintiff's reach. Finally, bringing the second action may be more time-consuming than an appeal, rather than less, as the majority today assumes.

Appeals are often long and expensive. But surely most plaintiffs will consider that in deciding whether to appeal or to file a new lawsuit. Plaintiffs get no money until the end; it is in their interest to speed things along. The majority's decision denies an appeal to people who legitimately feel that an appeal is better than having to start over. It also sets a trap for plaintiffs who, like the present one, opt for the wrong remedy and find themselves with no remedy at all.

I therefore dissent.

GOLDENHERSH and CLARK, JJ., join in this dissent.