2020 IL App (1st) 192612-U

SIXTH DIVISION
November 6, 2020

No. 1-19-2612

**NOTICE**:   This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

# IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ALAINA MCVEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2018 L 12322 |
| | ) | |
| ANAPLAN, INC., DAVID THARP, MARILYN MILLER, | ) | |
| MARCIE LONICH, and MAXINE DEVINCENZI, | ) | Honorable |
| | ) | Margaret Ann Brennan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court
Presiding Justice Mikva and Justice Connors concurred in the judgment.

### ORDER

¶ 1     *Held*: Appeal dismissed for lack of jurisdiction.

¶ 2     Plaintiff, Alaina McVey, appeals the dismissal of her second-amended complaint alleging sexual harassment, sexual discrimination, and retaliatory firing against defendants David Tharp, Marilyn Miller, Maxine DeVincenzi, and Marcie Lonich. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4      The following is a brief summary of facts relevant to the determination of this appeal. In 2017, plaintiff started working for Anaplan, Inc., a company whose principal place of business is in California. Her employment contract provided that California law would apply to any employment dispute. Plaintiff worked in Chicago, and the Anaplan manager in Chicago was Tharp. In March 2018, plaintiff learned she was pregnant and she informed Tharp of the fact via text on April 25, 2018. Plaintiff alleges that after informing Tharp of her pregnancy, she was placed on a 30-day "performance plan" despite the fact her employment file contained no criticisms of her work. Plaintiff further alleges that after informing Tharp of her pregnancy, he openly commented that she lacked "executive presence." Plaintiff filed a claim of discrimination within the company, but she alleges that she never received any information regarding the results of the investigation. Anaplan terminated plaintiff's employment on July 12, 2018.

¶ 5      On October 24, 2018, plaintiff filed a complaint for declaratory relief, naming as defendants Anaplan, Tharp, Miller, DeVincenzi, and Lonich. Anaplan removed this action to federal court on December 3, 2018. Plaintiff filed a second complaint alleging harassment and discrimination claims against the same defendants on November 13, 2018. Anaplan decided not to compel arbitration in the second complaint and, as a result, plaintiff voluntarily dismissed the first action seeking declaratory relief.

¶ 6      On January 29, 2019, plaintiff filed her first-amended complaint. Count I alleged pregnancy/sex discrimination in violation of California law; counts II and III alleged pregnancy/sexual harassment in violation of California law; count IV alleged individual liability based on California law; count V alleged failure to prevent discrimination; and count VI alleged

wrongful termination and retaliatory discharge. Anaplan and the individual defendants filed a motion to dismiss the amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). The motion sought dismissal of all six counts of the complaint against the individually named defendants, and dismissal of counts II and III (harassment claims) against all defendants. The trial court granted the motion to dismiss counts I, IV, V, and VI against the individual defendants with prejudice, and dismissed counts II and III against all defendants with leave to replead.

¶ 7     Plaintiff filed a second-amended complaint on July 8, 2019, and defendants filed a section 2-615 motion to dismiss counts II and III against all defendants. The trial court found that plaintiff failed to cure the issues identified in the court's prior order and therefore granted the motion to dismiss with prejudice. The October 28, 2019, order effectively dismissed the individual defendants from the case, leaving only counts I, IV, V, and VI against Anaplan.

¶ 8     On October 29, 2019, plaintiff filed a "MOTION FOR IMMEDIATE APPEAL PURSUANT TO ILLINOIS SUPREME COURT RULE 304(a)." In the motion, plaintiff alleged that "[t]here is no just reason to delay an immediate appeal of the dismissal of the individual defendants." She requested "that this Court enter an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 16, 2016) expressly finding that there is no just reason to delay an immediate appeal of the October 28, 2019, order entered by this Court." On November 25, 2019, before the trial court had an opportunity to rule on plaintiff's motion, the remaining defendant Anaplan filed in the district court for the Northern District of Illinois a notice of removal to federal court. In response, plaintiff filed a timely motion to remand the case to state court.

¶ 9    On December 4, 2019, the trial court held a hearing on plaintiff's motion for immediate appeal pursuant to Rule 304(a). At the hearing, the court expressed concern over whether it had jurisdiction to entertain the motion now that Anaplan had removed the case to federal court. The court further stated:

> "THE COURT: *** If it comes back, your motion has been filed. The Court is not going to make a ruling on it one way or another because I lack jurisdiction. I suspect what may happen should this case come back is you will resurrect the –
>
> PLAINTIFF'S ATTORNEY: Most assuredly.
>
> THE COURT: Right. At that point I will enter what I think is the appropriate order. ***"

The court entered an order stating that Anaplan filed a removal action on November 25, 2019, and the court "has no jurisdiction following the filing of the removal action." Plaintiff filed her notice of appeal on December 23, 2019.

¶ 10    Regarding the removal action, on September 3, 2020, the district court issued its memorandum opinion and order finding that Anaplan filed its removal action more than one year after the commencement of the state action, in violation of statutory timing requirements, and Anaplan did not establish that plaintiff acted in bad faith so as to excuse the late filing. Therefore, the court granted plaintiff's motion to remand the case to state court. *McVey v. Anaplan, Inc.*, No. 19-cv-07770 (N.D.Ill Sept. 3, 2020).

¶ 11                                    II. ANALYSIS

¶ 12    Defendants contend that this court lacks jurisdiction over this appeal because the trial court's October 2019 dismissal did not dispose of all claims against all the defendants and no finding was made pursuant to Rule 304(a). Our jurisdiction is limited to review of a final judgment,

which is a "determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). Here, the trial court dismissed all of the counts in plaintiff's complaint, with prejudice, against the individual defendants. A dismissal with prejudice is usually considered a final and appealable judgment because it indicates that the plaintiff is not allowed to amend the complaint, thereby terminating the litigation. *J. Eck & Son, Inc. v. Reuben H. Donnelly Corp.*, 188 Ill. App. 3d 1090, 1093 (1989).

¶ 13    However, Anaplan remains as a defendant in the case. Where the action involves multiple parties and multiple claims, "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Rule 304(a) (eff. Mar. 8, 2016). Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in the action is not appealable. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-3 (1997). The order does not become appealable until all of the claims in the multi-claim litigation are resolved. *Id.* Once the entire action is terminated, all final orders become appealable under Rule 301. *Id.*

¶ 14    Here, plaintiff recognized the need for a Rule 304(a) finding, as evidenced by her motion for such a finding filed on October 29, 2019. The trial court, however, never ruled on the motion because after plaintiff filed the motion, Anaplan filed an action to remove the case to federal court. When the Rule 304(a) motion subsequently came before the trial court, the court found it no longer had jurisdiction due to Anaplan's removal action. The court informed plaintiff, however, that

should the case be remanded to state court, plaintiff could "resurrect" her Rule 304(a) motion and the court would at that time enter an appropriate order.

¶ 15     Since the trial court's order dismissing the cause against the individual defendants did not ascertain and fix absolutely the rights of all parties in the lawsuit, it was not a final judgment and a Rule 304(a) finding was required before the order could be appealed. *Flores*, 91 Ill. 2d at 112; Rule 304(a) (eff. Mar. 8, 2016). Plaintiff, however, filed her notice of appeal on December 23, 2019, without such a finding. Since plaintiff's notice of appeal was filed before the trial court disposed of the counts against Anaplan, and the court did not find that there is no just reason to delay an immediate appeal of the October 28, 2019, order, the notice of appeal was premature and "ineffective in conferring appellate jurisdiction" upon this court. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 469 (1990). Therefore, we have no jurisdiction to review the trial court's order dismissing plaintiff's claims against the individual defendants, and we must dismiss plaintiffs' appeal.

¶ 16     We note that on September 3, 2020, the district court granted plaintiff's motion to remand the case back to state court. If plaintiff wishes an immediate appeal, she may "resurrect" her Rule 304(a) motion before the trial court, and upon obtaining the requisite finding she can file a notice of appeal. A Rule 304(a) finding would vest jurisdiction in this court over the appeal, while allowing the trial court to retain jurisdiction over remaining claims. *F.H. Prince Co., Inc. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 989 (1994). "In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment." Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 17                         III. CONCLUSION

¶ 18    For the foregoing reasons, we dismiss the instant appeal for lack of jurisdiction.

¶ 19    Appeal dismissed.